# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**GLENN A. ELLIS,**

                **Plaintiff,**

**-vs-**                                                                 **Case No. 6:12-cv-1132-Orl-DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

_____

## MEMORANDUM OPINION AND ORDER

This cause came on for consideration without oral argument on review of the Commissioner's administrative decision to deny Plaintiff's application for Disability Insurance benefits under the Social Security Act. For the reasons set forth herein, the decision of the Commissioner is **AFFIRMED.**

## Procedural History

Plaintiff applied for a period of disability and disability insurance benefits, alleging that he became unable to work on June 12, 2008 (R. 174-78). The agency denied Plaintiff's application initially and upon reconsideration, and he requested and received a hearing before an administrative law judge ("the ALJ"). The ALJ issued an unfavorable decision, finding Plaintiff to be not disabled (R. 16-31). The Appeals Council declined to grant review (R. 1-7), making the ALJ's decision the final decision of the Commissioner.

Plaintiff timely filed his complaint in this action, and the parties have consented to the jurisdiction of the undersigned United States Magistrate Judge. The matter has been fully briefed and the case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## Nature of Claimed Disability

Plaintiff claims disability from his alleged onset due to "multiple herniated disks in lower back" and resulting pain (R. 199).

*Summary of Evidence Before the ALJ*

Plaintiff was forty eight years of age on the date of the ALJ's decision (R. 174), with a high school education, two years of college, and past relevant work experience as a structural steelworker (R. 68, 204).

The medical evidence relating to the pertinent time period is well detailed in the ALJ's opinion and in the interest of privacy and brevity will not be repeated here, except as necessary to address Plaintiff's objections. In addition to the medical records of the treating providers, the record includes Plaintiff's testimony and that of a Vocational Expert, written forms and reports completed by Plaintiff, and opinions from examining and non-examining consultants. By way of summary, the ALJ determined that Plaintiff had the following severe impairments: degenerative disc disease with a disc extrusion, disc bulge, and possible encroachment of the nerve root, and the record supports this uncontested finding (R. 21). The ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appx. 1 (R. 23), and found that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b), "except he cannot perform repetitive bending." *Id.*[1] The ALJ determined that Plaintiff could not return to his past relevant work,

---

[1] According to the regulations:
Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.
20 C.F.R. § 404.1567(b).

but, citing the testimony of the Vocational Expert, the ALJ determined that, through the date of the decision, Plaintiff was able to perform other jobs in the national economy (R. 25-27), and was therefore not under a disability.

## Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## Issues and Analysis

Plaintiff contends that the ALJ erred in formulating his residual functional capacity by "failing to include all of the limitations outlined by the consultative examining physician when the ALJ

assigned great weight to that opinion." Plaintiff also objects to the ALJ's reliance on the testimony of the Vocational Expert, where the hypothetical presented did not adequately reflect the limitations found by the consultative examiner. The Court is not persuaded that either objection warrants reversal.

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, he is not disabled. 29 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 404.1520(f). The plaintiff bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

The issue presented by Plaintiff is narrow, and focuses on the ALJ's formulation of the RFC with respect to the evaluation of the opinion of a consultative examiner. The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178–79 (11th Cir.

2011) (citing 20 CRF §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987).)

Here, the ALJ detailed the opinions of the treating, examining and non-examining consultants, noting and giving great weight to the opinion of the treating orthopedist (R. 23-25).[2] With respect to the consultative examiner, the ALJ stated:

> The claimant also underwent a consultative exam for purposes of his disability claim in November 2010. According to records from Dr. Geeta Narula, the claimant reported persistent pain in the low back that radiated to both extremities. He exhibited a decreased range of motion in the lumbar spine and walked with a slow antalgic gait. Dr. Narula noted that the claimant might benefit from the use of a cane, as he had not been using any assistive device previously. After completing the evaluation, Dr. Narula concluded that the claimant was unable to lift more than 25 pounds and is unable to bend or squat. (Ex. 13F). The undersigned assigns this opinion great weight. This opinion is consistent with the objective medical evidence and the claimant's limited treatment history.

(R. 25).

Plaintiff contends that the ALJ erred in failing to explicitly note and adopt other limitations assigned by Dr. Narula in her one time examination.[3] While the ALJ is required to *consider* all of the evidence, she is not required to explicitly discuss each and every finding. *See Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) ( "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision ... is not a broad rejection which is 'not enough to enable [this Court] to conclude that [the ALJ] considered her medical condition as

---

[2] As noted by the ALJ: "Dr. Broom concluded that the claimant had reached maximum medical improvement and should avoid repetitive bending, twisting, or lifting of more than 25 pounds. (Ex.4F)" (R. 24). This description is supported by the substantial evidence cited (R. 307). This opinion belies Plaintiff's contention that "[t]here is no support in the record for the finding that the claimant would merely be limited to light work with the only other limitation of no repetitive bending" (Brief at p. 9).

[3] In a Medical Source Statement form accompanying the formal opinion, Dr. Narula indicated the following: occasional lifting up to twenty pounds; occasional carrying of up to ten pounds; sitting for thirty minutes at one time; standing/walking for two hours at one time; could never climb ladders or scaffolds, balance, stoop, kneel, crouch and crawl; could only occasionally reach overhead, reach in all other directions, handle, finger, feel, push/pull (R. 400-402). Portions of the form requesting identification of "the particular medical or clinical findings (i.e. physical exam findings, x-ray findings, laboratory test results, history, and symptoms including pain, etc,) which support your assessment or any limitations and why the findings support the assessment" were not completed. *Id.*

a whole'" (*quoting Foote v. Chater*, 67 F.3d 1553, 1557 (11th Cir.1995).) Here, the ALJ considered Dr. Narula's findings as evidenced by the explicit reference made both to the exhibit which contained the formal opinion and the attached form, and to Dr. Narula's specific conclusion (contained under the heading "opinion" in her formal report – R. 397) that the claimant was unable to lift more than 25 pounds and is unable to bend or squat. The report was adequately considered.

To the extent Plaintiff implies that the ALJ is required to adopt limitations in an "all or nothing" fashion, the Court is not persuaded. It is the task of the ALJ to consider the evidence, which is rarely unanimous, and set forth a reasoned basis for her conclusions. Here, the ALJ did not purport to adopt every word of Dr. Narula's report *in toto*, nor was there any requirement that she do so. *See Green v. Social Sec. Admin.*, 223 Fed.Appx. 915, 923 (11th Cir. 2007) ("Although a claimant may provide a statement containing a physician's opinion of her remaining capabilities, the ALJ will evaluate such a statement in light of the other evidence presented and the ultimate determination of disability is reserved for the ALJ. 20 C.F.R. §§ 404.1513, 404.1527, 404.1545.") Moreover, Plaintiff appears to confuse "great" weight with "dispositive" weight. As Dr. Narula was not a treating source, her opinion is not presumptively entitled to controlling weight. *See McSwain v. Bowen,* 814 F.2d 617, 619 (11th Cir. 1987) (noting that certain opinions "are not entitled to deference because as one-time examiners they were not treating physicians."). Finally, there is no showing that failure to fully credit all of the findings was error. To the extent Plaintiff's interpretation of Dr. Narula's opinion is inconsistent with the RFC, there is error only if the RFC is not otherwise supported by substantial evidence. "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004). "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" 357 F.3d at 1240 n. 8 (internal quotation and citation omitted). As summarized in the ALJ's decision, here, the RFC is adequately supported by the examination findings

and opinions of the treating specialist, the treating records of other providers, objective testing, and other evidence.[4] As it is not the task of the Court to reweigh the evidence or to opine if the evidence could support an alternative result, the finding should not be disturbed.

Plaintiff next contends that the ALJ erred in posing a hypothetical question to the Vocational Expert which did not include the limitations found by Dr. Narula. As reflected in the transcript of the administrative hearing, several hypotheticals were presented to the VE, including a hypothetical involving a person who "needs to avoid repetitive bending and he can't lift more than 25 pounds." (R. 69). In response to this hypothetical, the VE testified that the jobs of Ticket Seller, Fast Food Worker, and Cashier II could be performed. *Id.* The ALJ relied on this testimony in finding that Plaintiff was "capable of making a successful adjustment to other work that exists in significant numbers in the national economy" (R. 26).

"In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Wilson v. Barnhart,* 284 F.3d 1219, 1227 (11th Cir. 2002). An ALJ, however, is "not required to include findings in the hypothetical that the ALJ [has] properly rejected as unsupported." *Crawford v. Commissioner of Social Security*, 363 F. 3d 1155, 1161 (11th Cir. 2004). Here, as shown above, the ALJ did not adopt all of the findings of the one time examiner but formulated an RFC that was consistent with the opinion of the treating specialist and other providers. As that formulation is supported by substantial evidence, the ALJ was not required to include other restrictions.

A final note is in order. The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be

---

[4] As the ALJ concludes: "In sum, the above residual functional capacity assessment is supported by the opinions of Drs. Broom, Narula, and Kelly, as well as the claimant's limited treatment history. Despite allegations of constant debilitating pain, the claimant did not receive treatment for his back during a gap of nearly two years, and the treatment he has received does not corroborate the severity alleged." (R. 25).

expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § § 416(I), 423(d)(1); 20 C.F.R. § 404.1505. The impairment must be severe, making the claimant unable to do his or her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. § § 404.1505-404.1511. Although the record shows that Plaintiff has significant difficulties and challenges, the only issue before the Court is whether the decision by the Commissioner that Plaintiff did not meet this standard is adequately supported by the evidence and was made in accordance with proper legal standards. As the Court finds that to be the case, it must affirm the decision.

## Conclusion

The administrative decision was made in accordance with proper legal standards and is supported by substantial evidence. It is therefore **AFFIRMED.** The Clerk is directed to enter judgment accordingly and close the file.

**DONE** and **ORDERED** in Orlando, Florida on July 26, 2013.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record